IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 AUG 15 P 3: 34

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CAMELLIA THERAPEUTIC FOSTER AGENCY, LLC REPRESENTED BY JOSEPH APPIAH, CHAIRMAN THERAPEUTIC FOSTER CHILDREN, FOSTER PARENTS AND STAFF<br><br>Plaintiffs,<br><br>V.<br><br>GOVERNOR BOB RILEY, DEPT OF HUMAN RESOURCES COMMISSIONER PAGE WALLEY, AND SUSAN WARD<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. 2:06cv735-MHT |

## MOTION TO DISMISS

**COMES NOW**, Defendants Governor Bob Riley, Department of Human Resources (hereinafter "DHR") Commissioner Page Walley, and Susan Ward, the Director of the DHR Office of Resource Management, and move this Honorable Court to dismiss Plaintiff's complaint in this action pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(1) on the grounds that individuals as defendants are not liable for violations of Title VI.

## PLAINTIFF'S ALLEGATIONS

Plaintiff, Camellia Therapeutic Foster Agency (hereinafter "Camellia"), brings this action against the Defendants alleging that they violated its rights under Title VI of the Civil Rights Act by not giving Camellia a contract as part of a DHR Request for Proposal for Therapeutic Foster Care. In February 2005, DHR issued a Request for Proposal asking vendors to propose offers for contracts to provide homes for DHR foster children who needed therapeutic care. Camellia alleges that it submitted a proposal, but that DHR

discriminated against it by not awarding it a contract. Camellia brought this suit seeking injunctive relief, punitive damages, and damages for pain and suffering in the amount of 20 million dollars.

## MOTION TO DISMISS STANDARD

In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court accepts the factual allegations of the complaint as true and "[t]he motion must be denied unless it is clear the plaintiff can provide no set of facts in support of the claims in the complaint." South Florida Water Management District v. Montalvo, 84 F.3d 402, 406 (11th Cir. 1996).

In a ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), the court may consider matters outside of the complaint.

> Facial attacks on a complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegation in [plaintiff's] complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). Factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Lawrence, 919 F.2d at 1529.

Scarfo v. Ginsberg, 175 F.3d 957 (11th Cir. 1999).

## ARGUMENT

### Plaintiff's Title VI claims against all Defendants should be dismissed because individuals are not liable for violations of Title VI.

Camellia brings this action under Title VI of the Civil Rights Act, 42 U.S.C. 2000d. Section 2000d states "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." The

2

statute prohibits discrimination by a "program" or "activity" receiving the federal funds. While the Alabama DHR is a program that receives Federal funds, none of the defendants that were sued in this case fit this category.

The Eleventh Circuit Court of Appeals addressed this issue *in Shotz v. City of Plantation, Florida*, 344 F.3d 1161 (11th Cir.2003). In that case, the court was examining a claim brought under the *American with Disabilities Act*. In order to analyzing the remedies available under the ADA, the Court had to review Title VI remedies. The Court, citing *Alexander v. Sandoval*, 532 U.S. 275, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001) first determined that private individuals can sue to enforce Title VI. However, in looking at who can be sued under Title VI, the Eleventh Circuit said, "The courts that have considered the question, however, have generally concluded that individuals may not be held liable for violations of Title VI because it prohibits discrimination only by recipients of federal funding." Shotz at 1169. The Court further examined the contractual nature of Title VI liability (the contracting party with the federal government is the grant receiving entity) and then concluded, "It is beyond question, therefore, that individuals are not liable under Title VI. id at 1171.

In the present case, Camellia sued three individuals; Governor Riley, Commissioner Walley, and Susan Ward. Governor Riley is sued in his "Official Capacity as the Chairman of the Alabama State Department of Human Resources." (Plaintiff's Complaint, page 1). However, he is not the chairman of DHR, but the Chairman of the Board that, along with six other members, oversees the Department. See Ala. Code § 38-2-2. Commissioner Walley is the chief executive officer of DHR. Ala. Code § 38-2-3. Susan Ward is an employee of DHR. Yet none of these three individuals are "recipients of federal funds." Ala. Code § 38-

3

2-6(5) provides that it is the duty and responsibility of the state department (DHR) to "Act as the agent of the federal government in welfare matters of mutual concern, and in the administration of any federal funds granted to the state ..." There is no individual authorized, under the state statutes governing DHR, as a recipient of federal funds.

As individuals, Governor Riley, Commissioner Walley, and Susan Ward are not liable under Title VI. All claims against them should be dismissed.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Defendants Governor Bob Riley, DHR Commissioner Page Walley, and Susan Ward respectfully request that this Court:

(a) dismiss all of Plaintiff's claims as described above; and,

(b) grant such other, further, and different relief as this Court may deem proper.

RESPECTFULLY SUBMITTED,

TROY KING, KIN047
ATTORNEY GENERAL

SHARON FICQUETTE, FIC001
ASSISTANT ATTORNEY GENERAL

JOEL C. MARSH, MAR 052
Assistant Attorney General
State of Alabama Department of
Human Resources
Legal Office
P. O. Box 304000
Montgomery, AL 36130-4000
Telephone: (334) 242-9330
FAX: (334) 242-0689
Attorney for the Defendants

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have served a copy of the foregoing Motion to Dismiss upon the following by placing a copy thereof, addressed to him as indicated below, in U.S. Mail, first class postage prepaid, on this the  15th  day of August 2006.

Joseph Appiah, pro se plaintiff
P.O. Box 788
Phenix City, Alabama  36868

Joel C. Marsh
Attorney for the Defendants