IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

CAMELLIA THERAPEUTIC
FOSTER AGENCY, LLC

       **Plaintiff,**          Civil Action No.: **2.06cv735-MHT**

                                      **Plaintiff Demands Trial By Jury**

v.

**THE ALABAMA DEPARTMENT
OF HUMAN RESOURCES,**

       **Defendant.**

## MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW Plaintiff Camellia Therapeutic Foster Agency, LLC, by and through their counsel, and hereby moves the Court for leave to amend its complaint pursuant to Rule 15 of the Federal Rules of Civil Procedures and as grounds therefore, submits the following:

1. That Plaintiff, in its original complaint, asserted claims against Governor Bob Riley, Page Walley, and Susan Ward.

2. That, at the time of said filing, Plaintiff was represented by a non-attorney, and that this Honorable Court ordered that on or about September 7, 2006, Plaintiff employed counsel for this matter. (Doc. No. 5 ).

3. That accordingly, Plaintiff secured the services of the undersigned counsel to represent it in said matter.

4. That in its original complaint, Plaintiff failed to properly name the Defendant, Alabama Department of Human Resources. In addition, said complaint contained procedural and substantive deficiencies.

5. That by this Motion, Plaintiff seeks leave of Court to amend its complaint to add

Defendant Alabama Department of Human Resources as the sole Defendant.

6. That furthermore, this action will not prejudice the Defendant should the Court grant Leave to Amend the Complaint since discovery has not commenced in this matter.

7. Plaintiff submits that leave to amend should be freely given "when justice so requires" under Rule 15 of the Federal Rules of Civil Procedure and whether to grant said leave is a matter within the discretion of the Court. *Forman vs. Davis,* 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1967) and *McKinley vs Kaplan,* 177 Fed. 3d 1253 (11th Cir. 1999).

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully moves the Court to grant Leave to Amend its complaint.

Respectfully submitted,

s/Dwayne L. Brown
Dwayne L. Brown (BRO149)
Attorney for Plaintiff

**Of Counsel:**
5925 Carmichael Road, Suite C
Montgomery, AL 36117
Phone (334) 277-3757
Facsimile (334) 277-3613
Dbrown@dbrownatty.com

## CERTIFICATE OF SERVICE

This is to certify, that on September 22, 2006, a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Troy King**
Attorney General
11 South Union Street
Montgomery, AL **36130**

Joel C. Marsh
Assistant Attorney General
State of Alabama
Department of Human Resources
Legal Office
Post Office Box 304000
Montgomery, AL 361304000


                    /s/Dwayne L. Brown
                    Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

CAMELLIA THERAPEUTIC
FOSTER AGENCY, LLC

      Plaintiff,                    Civil Action No.: **2.06cv735-MHT**

                                        **Plaintiff** Demands Trial **By Jury**

v.

**THE ALABAMA DEPARTMENT
OF HUMAN RESOURCES,**

      **Defendant.**

## AMENDED COMPLAINT

### 1. PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive, and equitable relief; compensatory and punitive damages; and costs and attorney's fees for subjecting Plaintiff Camellia Therapeutic Foster Agency, LLC, to racial discrimination regarding its participation in a federally assisted program.

### II. JURISDICTION

2. This action arises under the Fourteenth Amendment of the United States Constitution, the Thirteenth Amendment of the United States Constitution, and Title VI of the Civil Rights Act of 1964, 42 USC § 2001W et seq.

3. Jurisdiction of this Court is invoked pursuant to: Title 28, U.S.C., Section 1331 and pendent jurisdiction to entertain all state law claims.

4. Costs and attorney fees may be awarded pursuant to Title 42 U.S.C., 1988 and Fed R Civ P. 54.

### III. **VENUE**

5. This action properly lies in the Middle District of Alabama, Montgomery Division, pursuant to 29 USC § 1391(b), because the claim arose in this judicial district, and pursuant to 42 USC § 2000d et seq., because the unlawful discrimination practices were committed in this judicial district.

### IV. **THE PARTIES**

6. Plaintiff, Camellia Therapeutic Foster Agency, LLC, is a federally funded minority owned corporation organized under and pursuant to the laws of the State of Alabama, with its principal place of business being located at 2310 Crawford Road, Suite 104, P.O. Box 788, Phenix City, Alabama 36868.

7. Defendant, The Alabama Department of Human Resources, is a corporation organized under and pursuant to the laws of the State of Alabama, with its principal place of business being located at Gordon Persons Building, Suite 2104, 50 North Ripley Street, Montgomery, Alabama 36130.

### V. **ALLEGATIONS OF FACTS**

8. Plaintiff is a therapeutic and foster agency that contracted with more than seventy (70) foster parents in the state of Alabama.

9. On or about February 28, 2005 Defendant issued Requests for Proposals (RFPs) to Plaintiff and other foster care agencies.

10. In the RFPs, Defendant set out a scoring process with a maximum of 1000 points to be earned by individual vendors. It did not indicate the points below which a vendor would not be awarded a contract under the RFPs.

11. Defendant set April 11, 2005 as the deadline for the the receipt of the RFPs.

12. Plaintiff submitted its answers to the RFPs by the April 11, 2005 deadline for the receipt of proposals from vendors.

13. On or about May 12, 2005, Defendant published on its website a Notice of Intent to Award Contracts. Plaintiff scored 753.3 and did not receive any contracts from Defendant because the minimum score to receive a contract was 800.

14. Defendant failed to contact any of Plaintiffs references $as$ stipulated in the "Basis of Selection." That section was worth a total of fifty (50) points.

15. As a result, Plaintiff was not awarded any contracts and said contracts were awarded to Caucasian owned agencies, causing a loss in federal funds.

16. Defendant graded Plaintiffs answers to the RFPs subjectively, causing a further loss in points.

17. Plaintiff asked Defendant for a formal hearing to explain the deficiencies in the RFPs of other vendors. Plaintiff was denied a hearing.

## VI. COUNT ONE

**(Race Discrimination and Due Process)**

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

18. Defendant's action constitutes discrimination by reason of race in violation of Plaintiff's rights guaranteed under the due process clause and property rights of the Fourteenth Amendment, First Amendment to the Constitution of the United States, the Constitution of the State of Alabama, 1901 and 42 U.S.C., Section 2000d, et seq, and the Thirteenth

Amendment to the United States Constitution.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff requests that the Court grant judgment in favor of Plaintiff and award compensatory and punitive damages in the amount of $500,000.00; plus costs, attorneys' fees, and any other amount to which Plaintiff may show itself to be justly entitled.

## VII. COUNT **TWO**

### (**Interference with an** Existing Lawful **Business**)

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

19. Plaintiff was a lawfully operating therapeutic foster care business in the state of Alabama.
20. Defendant was aware that Plaintiff was a lawful therapeutic and foster agency doing business in Alabama.
21. On or about May 12, 2005, Defendant intentionally interfered with the lawful business of the Plaintiff by discriminating against Plaintiff, not checking Plaintiffs references, and taking Plaintiffs contracts and awarding them to Caucasian owned businesses that are not licensed to operate in Alabama.
22. There is no justification for Defendant's interference with Plaintiffs lawful business.
23. As a result of said interference, Plaintiff was caused to suffer a loss of business relations.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff requests that the Court grant judgment in favor of Plaintiff and award compensatory and punitive damages in the amount of $800,000.00; plus costs, attorneys' fees, and any other amount to which Plaintiff may show

itself to be justly entitled.

VIII. COUNT THREE

(Interference with Contract Relations)

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

24. Plaintiff had contracts with more than seventy (70) foster parents in the state of Alabama.

25. Defendant knew that Plaintiff contracted with more than seventy (70) foster parents.

26. On or about May 12, 2005, Defendant intentionally interfered with the contracts of the Plaintiff by discriminating against Plaintiff, not checking Plaintiffs references, and taking Plaintiffs contracts and awarding them to Caucasian owned businesses that are not licensed to operate in Alabama at the time they were awarded contracts by Defendant.

27. There is no justification for Defendant's interference with Plaintiffs contracts.

28. As a result of said interference, Plaintiff was caused to suffer a loss of contractual relationships with said foster parents.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff requests that the Court grant judgment in favor of Plaintiff and award compensatory and punitive damages in the amount of $650,000.00; plus costs, attorneys' fees, and any other amount to which Plaintiff may show itself to be justly entitled.

IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that after a hearing hereon, the Court will:

I. Issue declaratory judgment stating that:

1. The actions of Defendant in refusing to check Plaintiffs references and refusing to renew Plaintiffs contracts due to his race constitute a violation of Plaintiffs rights, an interference with a lawful business, and an interference with contractual relationships.

2. The actions of Defendant constitutes discrimination by reason of Plaintiff's race in violation of Plaintiff's rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States, the Constitution of the State of Alabama, 1901, and 42 U.S.C. Section 2000d, et. seq.

II. Enter mandatory, preliminary and permanent injunctions requiring Plaintiff to be awarded its contracts that were intentionally taken away.

III. Enter an Order awarding Plaintiff punitive damages.

IV. Enter an Order awarding Plaintiff his costs incurred in this case, together with reasonable attorneys' fee to be taxed as part of the costs against Defendants.

V. Grant such additional and further relief as the Court deems proper and just in the premises.

DONE this the      .day of Seiletkr2006.

## X. JURY DEMAND

28. Plaintiff demands a trial by jury.

                          Respectfully submitted,

                          s/Dwayne L. Brown___
                          Dwayne Brown(ASB BRO149)
                          Attorney for Plaintiff

**Of Counsel:**
The Law Office of Dwayne L. Brown
5925 Carmichael Road, Suite C
Montgomery, AL 36106
Phone (334) 277-3757
Facsimile (334) 277-3613
Dbrownadbrownatty.com

## CERTIFICATE OF SERVICE

  This is to certify, that on **September** 22, **2006,** a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Troy King
Attorney General
11 South Union Street
Montgomery, AL 36130

Joel C. Marsh
Assistant Attorney **General**
**State of Alabama**
**Department of Human Resources**
**Legal Office**
**Post Office Box 304000**
**Montgomery,** AL 36130-4000

        /s/Dwayne L. Brown_____
        Of Counsel