IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

CAMELLIA THERAPEUTIC
FOSTER AGENCY, LLC

   **Plaintiff,**         Civil Action **No.: 2.06cv735-MHT**

                 **Plaintiff Demands Trial By Jury**

**v.**

**THE ALABAMA DEPARTMENT
OF HUMAN RESOURCES,**

   **Defendant.**

### AMENDED COMPLAINT

### I. PRELIMINARY STATEMENT

I. This action seeks declaratory, injunctive, and equitable relief; compensatory and punitive damages; and costs and attorney's fees for subjecting Plaintiff Camellia Therapeutic Foster Agency, LLC, to racial discrimination regarding its participation in a federally assisted program.

### II. JURISDICTION

2. This action arises under the Fourteenth Amendment of the United States Constitution, the Thirteenth Amendment of the United States Constitution, and Title VI of the Civil Rights Act of 1964, 42 USC § 2000d et seq.

3. Jurisdiction of this Court is invoked pursuant to: Title 28, U.S.C., Section 1331 and pendent jurisdiction to entertain all state law claims.

4. Costs and attorney fees may be awarded pursuant to Title 42 U.S.C., 1988 and Fed R Civ P. 54.

### III. VENUE

5. This action properly lies in the Middle District of Alabama, Montgomery Division, pursuant to 29 USC § 1391(b), because the claim arose in this judicial district, and pursuant to 42 USC 2000d et seq., because the unlawful discrimination practices were committed in this judicial district.

### IV. **THE PARTIES**

6. Plaintiff, Camellia Therapeutic Foster Agency, LLC, is a federally funded minority owned corporation organized under and pursuant to the laws of the State of Alabama, with its principal place of business being located at 2310 Crawford Road, Suite 104, P.O. Box 788, Phenix City, Alabama 36868.

7. Defendant, The Alabama Department of Human Resources, is a corporation organized under and pursuant to the laws of the State of Alabama, with its principal place of business being located at Gordon Persons Building, Suite 2104, 50 North Ripley Street, Montgomery, Alabama 36130.

### V. **ALLEGATIONS OF FACTS**

8. Plaintiff is a therapeutic and foster agency that contracted with more than seventy (70) foster parents in the state of Alabama.

9. On or about February 28, 2005 Defendant issued Requests for Proposals (RFPs) to Plaintiff and other foster care agencies.

10. In the RFPs, Defendant set out a scoring process with a maximum of 1000 points to be earned by individual vendors. It did not indicate the points below which a vendor would not be awarded a contract under the RFPs.

11, Defendant set April 11, 2005 as the deadline for the the receipt of the RFPs.

12. Plaintiff submitted its answers to the RFPs by the April 11, 2005 deadline for the receipt of proposals from vendors.

13. On or about May 12, 2005, Defendant published on its website a Notice of Intent to Award Contracts. Plaintiff scored 753.3 and did not receive any contracts from Defendant because the minimum score to receive a contract was 800.

14. Defendant failed to contact any of Plaintiffs references as stipulated in the "Basis of Selection." That section was worth a total of fifty (50) points.

15. As a result, Plaintiff was not awarded any contracts and said contracts were awarded to Caucasian owned agencies, causing a loss in federal funds.

16. Defendant graded Plaintiffs answers to the RFPs subjectively, causing a further loss in points.

17. Plaintiff asked Defendant for a formal hearing to explain the deficiencies in the RFPs of other vendors. Plaintiff was denied a hearing.

## VI. COUNT ONE

**(Race Discrimination and Due Process)**

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

18. Defendant's action constitutes discrimination by reason of race in violation of Plaintiff's rights guaranteed under the due process clause and property rights of the Fourteenth Amendment, First Amendment to the Constitution of the United States, the Constitution of the State of Alabama, 1901 and 42 U.S.C., Section 2000d, et seq, and the Thirteenth

Amendment to the United States Constitution.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff requests that the Court grant judgment in favor of Plaintiff and award compensatory and punitive damages in the amount of $500,000.00; plus costs, attorneys' fees, and any other amount to which Plaintiff may show itself to be justly entitled.

### VII. COUNT TWO

(Interference with **an Existing Lawful Business**)

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

19. Plaintiff was a lawfully operating therapeutic foster care business in the state of Alabama.
20. Defendant was aware that Plaintiff was a lawful therapeutic and foster agency doing business in Alabama.
21. On or about May 12, 2005, Defendant intentionally interfered with the lawful business of the Plaintiff by discriminating against Plaintiff, not checking Plaintiffs references, and taking Plaintiffs contracts and awarding them to Caucasian owned businesses that are not licensed to operate in Alabama.
22. There is no justification for Defendant's interference with Plaintiffs lawful business.
21 As a result of said interference, Plaintiff was caused to suffer a loss of business relations.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff requests that the Court grant judgment in favor of Plaintiff and award compensatory and punitive damages in the amount of $800,000.00; plus costs, attorneys' fees, and any other amount to which Plaintiff may show

itself to be justly entitled.

## VIII. COUNT THREE

### (Interference with Contract Relations)

Plaintiff incorporates all previous paragraphs as it' fully set out herein and further shows unto this Honorable Court the following:

24. Plaintiff had contracts with more than seventy (70) foster parents in the state of Alabama.

25. Defendant knew that Plaintiff contracted with more than seventy (70) foster parents.

26. On or about May 12, 2005, Defendant intentionally interfered with the contracts of the Plaintitrby discriminating against Plaintiff, not checking Plaintiffs references, and taking Plaintiffs contracts and awarding them to Caucasian owned businesses that are not licensed to operate in Alabama at the time they were awarded contracts by Defendant.

27. There is no justification for Defendant's interference with Plaintiffs contracts.

28. As a result of said interference, Plaintiff was caused to suffer a loss of contractual relationships with said foster parents.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff requests that the Court grant judgment in favor of Plaintiff and award compensatory and punitive damages in the amount of $650,000.00; plus costs, attorneys' fees, and any other amount to which Plaintiff may show itself to be justly entitled.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that after a hearing hereon, the Court will:

I. Issue declaratory judgment stating that:

1. The actions of Defendant in refusing to cheek Plaintiffs references and refusing to renew Plaintiffs contracts due to his race constitute a violation of Plaintiffs rights, an interference with a lawful business, and an interference with contractual relationships.

2. The actions of Defendant constitutes discrimination by reason of Plaintiffs race in violation of Plaintiff's rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States, the Constitution of the State of Alabama, 1901, and 42 U.S.C. Section 2000d, et. seq.

II. Enter mandatory, preliminary and permanent injunctions requiring Plaintiff to be awarded its contracts that were intentionally taken away.

III. Enter an Order awarding Plaintiff punitive damages.

IV. Enter an Order awarding Plaintiff his costs incurred in this case, together with reasonable attorneys' fee to be taxed as part of the costs against Defendants.

V. Grant such additional and further relief *as* the Court deems proper and just in the premises.

## X. JURY DEMAND

28. Plaintiff demands a trial by jury.

    Respectfully submitted,

    s/Dwayne L. Brown
    Dwayne Brown (BRO149)
    Attorney for Plaintiff

Of Counsel:
The Law Office of Dwayne L. Brown
Post Office Box 230205
Montgomery, AL 36123-0205

Phone (334) 277-3757
Facsimile (334) 277-3613
DbrownAdbrownatty.com

**CERTIFICATE OF SERVICE**

    This is to certify, that on **September** 26, 2006, a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Troy King
Attorney **General**
**11 South** Union Street
Montgomery, AL 36130

Joel C. Marsh
Assistant Attorney General
State of **Alabama**
**Department of Human Resources**
**Legal Office**
**Post Office Box 304000**
Montgomery, AL 36130-4000


                            s/Dwayne L. Brown_____
                            Of Counsel