IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CAMELLIA THERAPEUTIC FOSTER AGENCY, LLC** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| V. ) | CASE NO. 2:06 CV 735-MHT |
| ) | |
| **ALABAMA DEPARTMENT OF HUMAN RESPURCES** ) | |
| ) | |
| **Defendant.** ) | |

## EVIDENTIARY MATERIALS IN SUPPORT OF MOTION TO DISMISS OR SUMMARY JUDGMENT BY DEFENDANT DEPARTMENT OF HUMAND RESOURCES

COMES NOW Defendant Alabama Department of Human Resources (hereinafter DHR), by and through their undersigned counsel, and, hereby submits the following Exhibits as evidentiary material in support of its Motion to Dismiss or For Summary Judgment:

1. Memo to Alabama Legislators from Commissioner Walley regarding Therapeutic Foster Care RFP dated May 16, 2005

2. Memo from Susan Ward and Gary Mitchell of the Office of Resource Management dated December 27, 2005 to all County Directors of Human Resources regarding availability of Therapeutic Foster Care placements

3. Memo from Susan Ward and Gary Mitchell of the Office of Resource Management dated December 28, 2005 to all County Directors of Human Resources regarding availability of Therapeutic Foster Care placements outside a region

4. Request for Proposals for Therapeutic Foster Care for Children dated February 28, 2005

5. Vendors conference sign-in sheet dated March 29, 2005

6. Alabama DHR receipt of proposal signed log sheet

7. Deposition of Camellia Therapeutic Foster Agency, LLC represented by Joseph Appiah with exhibits

8. Deposition of Joseph Appiah with exhibit

9. Affidavit of Susan Ward

10. Therapeutic Foster Care Slots to be Reallocated by Vendor/Region

          RESPECTFULLY SUBMITTED,

          TROY KING (KIN047)
          ATTORNEY GENERAL

          SHARON FICQUETTE (FIC001)
          CHIEF LEGAL COUNSEL


          **s/James E. Long**
          James E. Long - LON016
          Deputy Attorney General

          State of Alabama
          Department of Human Resources
          P.O. Box 304000
          Montgomery, Alabama  36130-4000
          Phone:  (334) 242-9330
          Fax:  (334) 242-0689
          ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served the foregoing **EVIDENTIARY MATERIALS IN SUPPORT OF DEFENDANTS MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**, on the following by placing copies thereof, addressed to them as indicated below, in United States Mail, First Class postage prepaid, on this the 29th day of May 2007.

| | |
|---|---|
| Hon. Kathryn Dickey | Hon. Janice Spears-Turk |
| Attorney at Law | Attorney at Law |
| 322 Alabama Street | 2735 Office Park Circle |
| Montgomery, Alabama 36104 | Montgomery, Alabama 36116 |
| Attorney for Plaintiffs | Attorney for Plaintiffs |

                                                    s/James E. Long
                                                  James E. Long - LON016
                                                  Deputy Attorney General

                                                  State of Alabama
                                                  Department of Human Resources
                                                  Legal Office
                                                  50 Ripley Street, Room 2122
                                                  P.O. Box 304000
                                                  Montgomery, Alabama 36130-4000
                                                  Phone:  (334) 242-9330
                                                  Fax:  (334) 242-0689

                                                  ATTORNEY FOR
                                                  DEFENDANTS

MERRILL LEGAL SOLUTIONS
Court Reporting*Legal Videography*Trail Services

Page 1

```
 1   IN THE UNITED STATES DISTRICT COURT
 2   FOR THE MIDDLE DISTRICT OF ALABAMA
 3              NORTHERN DIVISION
 4
     CIVIL ACTION NO.: 2:06 cv735-MHT
 5
 6   CAMELLIA THERAPEUTIC FOSTER
     AGENCY, LLC, REPRESENTED BY
 7   JOSEPH APPIAH, CHAIRMAN
     THERAPEUTIC FOSTER CHILDREN,
 8   FOSTER PARENTS AND STAFF,
     >>
 9   >>Plaintiff(s),
10   vs.
11   ALABAMA DEPARTMENT OF
     HUMAN RESOURCES,
12
     >>Defendant(s).
13
14
15          DEPOSITION OF
16            JOSEPH APPIAH
17   >>>>>>JOB NO. 1101-53347
18
19
20
21
22   BEFORE:   Victoria M. Castillo
              Court Reporter and
23            Notary Public
```

Page 2

```
 1      >In accordance with Rule 5(d) of
 2   The Alabama Rules of Civil Procedure, as Amended,
 3   effective May 15, 1988, I, Victoria M. Castillo, am
 4   hereby delivering to JAMES E. LONG, ESQ. the
 5   original transcript of the oral testimony taken on
 6   the 15th day of May, 2007, along with exhibits.
 7   >>>>Please be advised that this is
 8   the same and not retained by the Court Reporter,
 9   nor filed with the Court.
10
11          STIPULATION
12
13   >>>>IT IS STIPULATED AND AGREED, by
14   and between the parties through their respective
15   counsel, that the deposition of JOSEPH APPIAH may
16   be taken before Victoria M. Castillo, Commissioner,
17   at the State Department of Human Resources South
18   Conference Room, located at Gordon Persons
19   Building, 2nd Floor, Room 2128, 50 South Ripley
20   Street, Montgomery, Alabama 36130 on the 15th day
21   of May, 2007.
22   >>>>IT IS FURTHER STIPULATED AND
23   AGREED that the signature to and the reading of the
```

Page 3

```
 1   deposition by the witness is waived, the deposition
 2   is said to have the same force and effect as if
 3   full compliance had been had with all laws and
 4   rules of Court relating to the taking of
 5   depositions.
 6   >>>>IT IS FURTHER STIPULATED AND
 7   AGREED that it shall not be necessary for any
 8   objections to be made by counsel to any questions,
 9   except as to form or leading questions, and that
10   counsel for the parties may make objections and
11   assign grounds at the time of trial, or at the time
12   said deposition is offered in evidence, or prior
13   thereto.
14   >>>>IT IS FURTHER STIPULATED AND
15   AGREED that notice of filing of the deposition by
16   the Commissioner is waived.
17
18
19
20
21
22
23
```

Page 4

```
 1              I N D E X
 2   EXAMINATION BY:          PAGE NUMBER:
 3   MR. LONG:                     7
 4
 5   EXHIBITS:                PAGE NUMBER:
 6   Exhibit 1                     7
```

EXHIBIT 8

1933 Richard Arrington Jr. Blvd.S*Birmingham, Al 35209*www.legalink.com
1-800-888-DEPO

1 (Pages 1 to 4)

MERRILL LEGAL SOLUTIONS
Court Reporting*Legal Videography*Trail Services

Page 5

```
 1           A P P E A R A N C E S
 2    FOR THE plaintiff(S):
 3    >>>Kay Dickey, Esq.
 4    >>>DICKEY & McCLELLAND
 5    >>>322 Alabama Street
 6    >>>Suite B
 7    >>>Montgomery, Alabama 36104
 8
      >>>Robert Johnson, Esq.
 9
      >>>DICKEY & McCLELLAND
10
      >>>322 Alabama Street
11
      >>>Suite B
12
      >>>Montgomery, Alabama 36104>>>>>>
13
      FOR THE defendant(S):
14
      >>>James E. Long, Esq.
15
      >>>Deputy Attorney General
16
      >>>STATE OF ALABAMA
17
      >>>DEPARTMENT OF HUMAN RESOURCES
18
      >>>50 North Ripley Street
19
      >>>Montgomery, Alabama 36104
20
21
22          ******************
23
```

Page 6

```
 1    >>>>I, Victoria M. Castillo, a Court
 2    Reporter of Montgomery, Alabama, acting as
 3    Commissioner, certify that on this date, as
 4    provided by the Alabama Rules of Civil Procedure
 5    and the foregoing stipulation of counsel, there
 6    came before me at State Department of Human
 7    Resources South Conference Room, located at Gordon
 8    Persons Building, 2nd Floor, Room 2128, 50 South
 9    Ripley Street, Montgomery, Alabama 36130,
10    commencing at 2:22 p.m., JOSEPH APPIAH, in the
11    above cause, for oral examination, whereupon the
12    following proceedings were had:
13
14         >MR. LONG:  Let's go back on the
15    record.  And as we stated in the other deposition,
16    Dr. Appiah, anything you don't understand, let us
17    know, and you did so well in the other deposition.
18    Let's go for it.
19
20            JOSEPH APPIAH,
21    being first duly sworn, was examined and
22          testified as follows:
23
```

Page 7

```
 1         >MR. LONG:  This is the deposition
 2    of Joseph Appiah.  I show you what we are going to
 3    mark as Exhibit 1 of this deposition.
 4         >>(WHEREUPON, a document was marked
 5         >>as Exhibit 1 and is attached to
 6         >>the original transcript.)
 7
 8            EXAMINATION
 9    BY MR. LONG:
10         Q.>Dr. Appiah, you just completed a
11    deposition as a representative for Camellia
12    Therapeutic; is that correct?
13         A.>Yes, sir.
14         Q.>We spent several hours on that
15    deposition.
16         A.>Yes, sir.
17         Q.>And you had a deposition notice that
18    was issued to the corporation under that deposition
19    as well, didn't you?
20         A.>Yes, sir.
21         Q.>Now we have before you Exhibit 1,
22    which is a notice that's issued to you as an
23    individual for a deposition; is that right?
```

Page 8

```
 1         A.>Yes, sir.
 2         Q.>Will you look at the Request for
 3    Productions that are listed here.  There are 19
 4    requests, and if you take that and compare it to
 5    the requests of Camellia -- here is one for
 6    Camellia.  Now turn to Production Request No. 1 on
 7    both documents.  Have you read Request No. 1 on
 8    both the deposition notice to Camellia Therapeutic
 9    and the one to you individually?
10         A.>They are the same.
11         Q.>So is your testimony in relation to
12    Request No. 1, your personal deposition, the same
13    as it was when you gave your testimony earlier for
14    the corporation?
15         A.>Yes, sir.
16         Q.>Any other information or documents
17    you would like to share with me relating to that
18    request?
19         A.>No, sir.
20         Q.>Are there any other documents that
21    you are aware of, other than you've got to get your
22    incorporation papers to me -- I remember you've got
23    to give all the articles of organization and the
```

Page 9

1  rest of those documents.
2      A.>Let me just say something for the
3  record. We are not a corporation; we are an LLC.
4      Q.>So you are going to give me all those
5  organizational papers, right, copy of all that?
6      A.>Yes.
7      Q.>Other than that, any other documents
8  that we are still needing?
9      A.>No, sir.
10     Q.>Will you look at Request No. 2 on
11 both requests, the one to the corporation and the
12 one to you individually?
13     A.>Yes, sir.
14     Q.>The requests are identical?
15     A.>Yes, sir.
16     Q.>Is your testimony that you gave
17 earlier when you appeared for the corporation the
18 same now as it was then?
19     A.>Yes, sir.
20     Q.>Any other documents or information
21 that exist responding to that request?
22     A.>Well, no, sir. I'll give you-all
23 what is my --

Page 10

1      Q.>I believe when we talked about this
2  earlier -- we were saying documents relating to the
3  Department of Human Resources that were addressed
4  to people outside of DHR?
5      A.>I have given them all to you.
6      Q.>I think your lawyer said that you
7  were going to look for some to see if others exist,
8  such as ones to the governor and other political
9  types and those types of things.
10     A.>Basically, those political figures,
11 it was the same one. So there was no change in
12 it. It was the same one to Susan Ward and the same
13 one to every legislator in the whole state. So
14 whatever says one, they all got the same.
15     Q.>So you sent one to every legislator?
16     A.>Yes, every one in the whole Alabama
17 everybody got one.
18     Q.>I am not interested in the DHR
19 documents that we already have. I just want a copy
20 of the documents that you sent other folks.
21     A.>I just put down Legislator, Senator,
22 or that's it. I give the same copy and send to
23 everybody.

Page 11

1      Q.>But you are going to look to see if
2  those documents --
3      A.>And I sent and one to their home and
4  one to their offices.
5      Q.>I hear you, Dr. Appiah. I just want
6  to see a copy of them because as we have been
7  discussing, some of those exhibits, some of the
8  language in some are slightly different than the
9  language in others, and you make some statements in
10 some things that are different. So I just want to
11 see those documents.
12     A.>I cannot give you a copy of everybody
13 because it is one sheet and we send to all of
14 them. We looked in at the computer and went down
15 there to the State Legislature and pulled
16 everybody's name and addresses and send to
17 everybody.
18     Q.>Considering the deadline we are all
19 under, we need to see all those in a week.
20     A.>And I sent one to everybody else.
21     Q.>Request for Production No. 3 on both
22 notices, will you read Request No. 3 after you make
23 your note? Will you read No. 3 on both of the

Page 12

1  notices?
2      A.>They are the same.
3      Q.>Are they the same?
4      A.>Yes, sir.
5      Q.>Are there any other documents that
6  you have related to Request No. 3?
7      A.>I don't have any but if I find
8  something later, I will bring it up.
9      Q.>Is your testimony that you gave when
10 you appeared for Camellia Therapeutic the same now
11 as it was then?
12     A.>Yes, sir.
13     Q.>Let's look at Request No. 4 on both
14 notices. Is the language identical?
15     A.>Yes, sir.
16     Q.>Is your testimony in response to
17 Request No. 4 the same now as it was when you gave
18 the deposition for Camellia Therapeutic?
19     A.>Yes, sir.
20     Q.>Are there any other documents that
21 exist?
22     A.>I don't have any but if I find
23 anything, I will bring it back to my lawyer to you.

MERRILL LEGAL SOLUTIONS
Court Reporting*Legal Videography*Trail Services

Page 13

1  Q.>Request No. 5, will you look at both
2  notices? Are they the same, including the error
3  with regard to the word scanning as opposed to the
4  word scoring that we identified earlier?
5      A.>They are the same.
6      Q.>Is your testimony the same now as it
7  was when you gave your testimony in the prior
8  deposition where you appeared for Camellia
9  Therapeutic?
10     A.>Yes, sir.
11     Q.>Are there any additional documents?
12     A.>I don't remember any one at this time
13 but if I find one in between now and the end of the
14 month, I will bring it to you.
15     Q.>Will you look at Request No. 6 in
16 both notices? Are they the same?
17     A.>Yes, sir.
18     Q.>Is your testimony the same now as it
19 was earlier when you gave the deposition for
20 Camellia Therapeutic?
21     A.>Yes, sir.
22     Q.>Are there any additional documents
23 that you have in response to that request?

Page 14

1      A.>No, sir.
2      Q.>Will you look at Request No. 7 on
3  both notices? Are they the same?
4      A.>Yes, sir.
5      Q.>Is your testimony the same now as it
6  was earlier when you gave the deposition for
7  Camellia Therapeutic?
8      A.>Yes, sir.
9      Q.>Are there any additional documents
10 that you have in response to that request?
11     A.>No, sir.
12     Q.>Will you look at Request No. 8 on
13 both notices? Is the request the same in both
14 notices?
15     A.>Yes, sir.
16     Q.>Is your testimony the same now as it
17 was earlier when you gave the deposition for
18 Camellia Therapeutic?
19     A.>Yes, sir.
20     Q.>Are there any additional documents
21 that you have responsive to that request?
22     A.>No, sir.
23     Q.>Will you look at Request No. 9 in

Page 15

1  both notices? Is the request the same?
2      A.>Yes, sir.
3      Q.>Is your testimony the same now as it
4  was earlier when you gave the deposition for
5  Camellia Therapeutic?
6      A.>Yes, sir.
7      Q.>Are there any additional documents
8  that you have responsive to that request?
9      A.>I don't have one at this time but if
10 I find one in my records, I will bring it to you.
11     Q.>Will you look at Request No. 10 in
12 both notices?
13     A.>Yes.
14     Q.>Is the request the same?
15     A.>Yes, sir.
16     Q.>Is your testimony the same now as it
17 was earlier when you gave the deposition for
18 Camellia Therapeutic?
19     A.>Yes, sir.
20     Q.>Are there any additional documents
21 that you have responsive to that request?
22     A.>Not at this time.
23     Q.>Will you look at Request No. 11 in

Page 16

1  both notices? Is the request the same?
2      A.>Yes, sir.
3      Q.>Is your testimony the same now as it
4  was earlier when you gave the deposition for
5  Camellia Therapeutic?
6      A.>Yes, sir. If there are any changes,
7  I will let you know.
8      Q.>No additional documents in response
9  to that request?
10     A.>No. If I find out, I will let you
11 know. Right now there is none.
12     Q.>Will you look at Request No. 12 on
13 both notices? Is the request the same?
14     A.>Number 12, yes, sir.
15     Q.>Is your testimony the same now as it
16 was earlier when you appeared for Camellia in the
17 deposition for Camellia Therapeutic?
18     A.>Yes, sir.
19     Q.>Are there any additional documents
20 that you have in response to that request?
21     A.>Not to my knowledge at this time.
22     Q.>Will you look at Request No. 13 in
23 both notices? Is it the same, is the language the

1933 Richard Arrington Jr. Blvd.S*Birmingham, Al 35209*www.legalink.com
1-800-888-DEPO

MERRILL LEGAL SOLUTIONS
Court Reporting*Legal Videography*Trail Services

Page 17

1  same?
2      A.>Yes, sir.
3      Q.>Is your testimony the same now as it
4  was earlier when you appeared in the deposition for
5  Camellia Therapeutic?
6      A.>The same but if I discover any
7  changes, I will let you know.
8      Q.>Are there any additional documents?
9      A.>Not at this time. I will have to
10 search my records and see.
11     Q.>Will you look at Request No. 14 in
12 both notices? Is the language of the request the
13 same in both documents?
14     A.>Yes, sir.
15     Q.>Is your testimony the same now as it
16 was earlier when you gave the deposition for
17 Camellia Therapeutic?
18     A.>Yes, sir.
19     Q.>Any additional documents responsive
20 to that request?
21     A.>No, sir.
22     Q.>Will you look at Request No. 15 on
23 both notices? Is the request the same?

Page 18

1      A.>Yes, sir.
2      Q.>Is your testimony the same now as it
3  was earlier when you gave the deposition for
4  Camellia Therapeutic?
5      A.>Yes, sir.
6      Q.>Any additional documents related to
7  that request?
8      A.>I'm not too sure of that. I will
9  check my records and see in I can find anything
10 else in addition to that Number 15.
11     Q.>Will you look at Request No. 16 on
12 both notices? Is the request the same?
13     A.>Yes, sir, they are the same.
14     Q.>Is your testimony the same now as it
15 was earlier when you gave the deposition for
16 Camellia Therapeutic?
17     A.>Yes, sir.
18     Q.>Any additional documents responsive
19 to that request?
20     A.>There is a possibility, but I don't
21 know right now because I am supposed to give you
22 the legislators. So the legislator letter -- I
23 will send the legislator . There are too many of

Page 19

1  them.
2      Q.>Will you look at Request No. 17 in
3  both notices? Is the request the same in both
4  notices?
5      A.>Yes, they are the same.
6      Q.>Is your testimony the same now as it
7  was earlier when you gave the deposition for
8  Camellia Therapeutic?
9      A.>Well, there could be more information
10 about my pain and suffering.
11     Q.>About your damages?
12     A.>My damages -- so that will follow
13 later.
14     Q.>Will you look at Request No. 18 in
15 both notices? Is the language the same?
16     A.>Yes.
17     Q.>Is your testimony the same now as it
18 was earlier when you gave the deposition for
19 Camellia Therapeutic?
20     A.>Yes, sir.
21     Q.>Any additional documents responsive
22 to that request?
23     A.>No, sir.

Page 20

1      Q.>Will you look at Request No. 19 in
2  both notices?
3      A.>Uh-huh.
4      Q.>Is the language the same?
5      A.>Yes, they are the same. And if I
6  discover anything else in addition to it, I will
7  let you know.
8      Q.>Is your testimony now the same as it
9  was earlier when you gave the deposition for
10 Camellia Therapeutic?
11     A.>Yes, sir.
12     Q.>No other documents that you know of
13 at this time?
14     A.>I am not too sure, but I will look
15 into my records because I am only talking about
16 foster parents. I will have to look much further.
17     >MR. LONG: That is all I have
18 right now. Counsel, Dr. Appiah in this deposition
19 has indicated that there may be several other
20 documents that he needs to go look for. We have a
21 discovery deadline of the end of this month. Any
22 documents related to that he's going to produce or
23 use, give notice. If we don't get them at that

1933 Richard Arrington Jr. Blvd.S*Birmingham, Al 35209*www.legalink.com
1-800-888-DEPO

MERRILL LEGAL SOLUTIONS
Court Reporting*Legal Videography*Trail Services

Page 21

1  time, we will object.
2      >THE DEPONENT: The letter you
3  requested from the legislator, I will give you
4  copies of them. It is just one letter I made
5  copies and sent to everybody.
6      >MR. LONG: I understand. It's
7  been good talking to you.
8      >>THE DEPONENT: Thank you. I will
9  be glad to find it as quick as possibly. I don't
10 want to waste your time because there is time
11 involved in this. Give it two more days' time.
12 Thank you, sir.
13     >MR. LONG: We are finished.
14     >MS. DICKEY: Thank you.
15     *********************
16         2:43 p.m.
17     FURTHER DEPONENT SAITH NOT
18
19
20
21
22
23

Page 22

1           CERTIFICATE
2
3  STATE OF ALABAMA
4  AT LARGE
5
6      >I hereby certify that the above
7  and foregoing deposition was taken down by me in
8  stenotype and the questions and answers thereto
9  were transcribed by means of computer-aided
10 transcription and that the foregoing represents and
11 true and correct transcript of the testimony given
12 by said witness upon said deposition.
13     >I further certify that I am
14 neither of counsel nor of kin to the parties to the
15 action, nor am I in anywise interested in the
16 result of said cause.
17
18
19
20
21
22
          Victoria M. Castillo, Court Reporter
23        Commissioner and Notary Public

1933 Richard Arrington Jr. Blvd.S*Birmingham, Al 35209*www.legalink.com
1-800-888-DEPO



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION



CAMELLIA THERAPEUTIC FOSTER )
AGENCY, LLC, REPRESENTED BY )
JOSEPH APPIAH, CHAIRMAN )
THERAPEUTIC FOSTER CHILDREN, )
FOSTER PARENTS AND STAFF )
)
    Plaintiffs, )
)
v. )
) CIVIL ACTION NO. 2:06 cv735-MHT
)
ALABAMA DEPARTMENT OF )
HUMAN RESOURCES )
)
    Defendant. )
)

## NOTICE OF DEPOSITION

To:   Joseph Appiah
c/o Hon. Kathryn Dickey
Attorney for Plaintiffs
322 Alabama Street
Montgomery, AL 36104

Joseph Appiah
c/o Hon. Jamie Spears-Turk
Attorney for Plaintiffs
2735 Office Park Circle
Montgomery, AL 36116

You are hereby notified that, in accordance with the Alabama Rules of Civil Procedure, the Defendant, Alabama Department of Human Resources will take the testimony by deposition upon oral examination of the Plaintiff Joseph Appiah for the purpose of discovery or for use as evidence in this case, or for both purposes. Said deposition shall be taken at the State Department of Human Resources South Conference Room, located at Gordon Persons Building, 2nd Floor, Room 2128, 50 S. Ripley Street, Montgomery, AL 36130, commencing at **9:00 a.m.** on the **15th day of May, 2007.** Said deposition shall be taken before a Court Reporter, or before some

officer authorized by law to take depositions. Defendant DHR reserves the right to continue the depositions as incomplete if any of the documents requested below are not produced at or before the deposition.

In accordance with the Alabama Rules of Civil Procedure, you are hereby requested to bring with you to said deposition the following documents separated by request number:

## DEFINITIONS

1.  "Document" means any written, (including handwritten, printed, mimeographed, lithographed, duplicated, typed, or other graphic, photographic, or electronic) matter of any kind or nature, whether original or copy, and includes, without limiting the generality of the foregoing, all letters, telegrams, e-mails, correspondence, contracts, agreements, purchase orders, specifications, shop drawings, blueprints, manuals, instructions, warranties, memoranda, notes, video and audio recordings and transcripts thereof, memoranda of telephone or personal conversations or of meetings or conferences, minutes, board of directors minutes, studies, reports, analyses, test results, interoffice communications, receipts, canceled checks, money orders, invoices, and bills in the possession and/or control of Plaintiff or known by Plaintiff to exist.

2.  "You" or "Your" includes, without limitation, individuals, associations, partnerships, and corporations.

## REQUESTS FOR PRODUCTION

1.  Produce all documents in your possession relating to your allegations in Paragraph 6 of the Amended Complaint relating to the incorporation and organization of Camellia Therapeutic Foster Agency, including any organizational chart.

2

2. Produce all documents in your possession relating to the Department of Human Resources.

3. Produce all documents in your possession relating to the more than seventy (70) foster parents contracted with Camellia Therapeutic Foster Agency, referenced in Paragraph 8 of the Amended Complaint.

4. Produce all documents in your possession relating to the Request for Proposals (RFP) alleging issued by DHR on or about February 28, 2005, referenced in Paragraph 9 of the Amended Complaint.

5. Produce all documents in your possession relating to the scanning process in the RFPs, referenced in Paragraph 10 of the Amended Complaint.

6. Produce all documents in your possession relating to the RFP deadline, referenced in Paragraph 11 of the Amended Complaint.

7. Produce all documents in your possession relating to your answers and proposals submitted in response to the RFP, referenced in Paragraph 12 of the Amended Complaint.

8. Produce all documents in your possession relating to the on or about May 12, 2005 publication of the Notice of Intent to Award Contracts, referenced in Paragraph 13 of your Amended Complaint.

9. Produce all documents in your possession relating to the Camellia Therapeutic Foster Agency score of 753.3 as referenced in Paragraph 8 of your Amended Complaint.

10. Produce all documents in your possession relating to the minimum RFP score of 800 referenced in Paragraph 13 of the Amended Complaint.

3

11. Produce all documents in your possession relating to contracts between Camellia Therapeutic Foster Agency and DHR regarding the RFP referenced in the Amended Complaint.

12. Produce all documents in your possession relating to the scores of various sections of the RFP referenced in Paragraph 14 of the Amended Complaint.

13. Produce all documents in your possession relating to the Caucasian-owned agencies awarded contract, referenced in Paragraph 15 of the Amended Complaint.

14. Produce all documents in your possession relating to your loss of federal funds, referenced in Paragraph 15 of the Amended Complaint.

15. Produce all documents in your possession relating to your claim in Paragraph 16 that Defendant graded Plaintiff's answers, to the RFPs subjectively causing a further loss in in points.

16. Produce all documents in your possession relating to your claim in Paragraph 17 of your Amended Complaint that Plaintiff asked Defendant for a formal hearing to explain the deficiencies in the RFPs by the other vendors and that the request was denied.

17. Produce all documents regarding the compensatory damages you claim due to Plaintiff by Defendant in your Amended Complaint.

18. Produce all documents regarding the loss of federal funding you claim in your Amended Complaint that you suffered by the actions of Defendant.

19. Produce all documents regarding the loss of contractual relationship with DHR, foster parents, and others that you claim in your Amended Complaint that you lost as the result of actions by the Defendant.

4

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL

SHARON E. FICQUETTE
CHIEF LEGAL COUNSEL
STATE OF ALABAMA

_____
James E. Long (LON016)
Deputy Attorney General
State of Alabama
Department of Human Resources
Post Office Box 304000
Montgomery, Alabama 36130-4000
Telephone:   (334) 242-9330

5

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing NOTICE OF DEPOSITION on the following by placing copies thereof, addressed to them as indicated below, in United States Mail, First Class postage prepaid, on this the 26th day of April, 2007.

Joseph Appiah
Hon. Kathryn Dickey
Attorney at Law
322 Alabama Street
Montgomery, Alabama 36104
Attorney for Plaintiffs

Joseph Appiah
Hon. Janice Spears-Turk
Attorney at Law
2735 Office Park Circle
Montgomery, Alabama 36116
Attorney for Plaintiffs

_____
James E. Long - LON016
Deputy Attorney General

State of Alabama
Department of Human Resources
P.O. Box 304000
Montgomery, Alabama 36130-4000
Phone: (334) 242-9330
Fax: (334) 242-0689

ATTORNEY FOR DEFENDANT

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CAMELLIA THERAPEUTIC FOSTER )
AGENCY, LLC, REPRESENTED BY )
JOSEPH APPIAH, CHAIRMAN )
THERAPEUTIC FOSTER CHILDREN, )
FOSTER PARENTS AND STAFF )
)
    Plaintiffs, )
)
v. )    CIVIL ACTION NO 2:06cv735-MHT
)
ALABAMA DEPARTMENT OF )
HUMAN RESOURCES )
)
    Defendant. )

### AFFIDAVIT OF SUSAN WARD

Before me, the undersigned authority, personally appeared Susan Ward, who is known to me and who, having been first duly sworn, deposes and states as follows:

1. "My name is Susan Ward. I am a resident of Montgomery County, Alabama, am over the age of 19 years, and am competent to testify as to the matters contained in this affidavit.

2. "I have been employed by the State of Alabama Department of Human Resources for 32 years. I am currently the Director of the State DHR Office of Resource Management. This office deals with contracting services for DHR, Statewide Licensing of Child Placing Agencies and Child Care Institutions, and statewide Resource Developments and Utilization Review of resources used by DHR.

3. "As a part of Resource Development efforts a Request for Proposal (RFP) was issued for Therapeutic Foster Care for DHR children.


EXHIBIT 9

4. "A Request for Proposal (RFP) is a formal invitation to a potential vendor to submit a proposal to provide a solution to a need that the Department has identified. An RFP is used when the Department has defined a need and requests the vendors to propose a suitable method for accomplishing it. In response to the amended portion of the bid law, DHR issued an RFP in the spring of 2005 for proposals to provided Therapeutic Foster Care for children in the State of Alabama. Therapeutic Foster Care is provided in a home setting with an array of treatment services designed for children with an Axis I DSM IV diagnosis.

5. "The list of selected vendors, based upon their RFP response evaluation score, was given to the Office of Contracts to award contracts. Of the seventeen vendors listed, three did not meet the licensing criteria, Eagle Rock (8 slots), Childhood Family Services (8 slots) and New Way Out (70 slots). These slots were sent back to the Selection Committee for redistribution. Selected vendors had to provide proof of licensed homes prior to receiving a contract. Nine vendors notified DHR they would be unable to serve 252 children. These slots were also returned to the Selection Committee for redistribution. Twenty-six slots were not redistributed due to no available vendor and an RFP was reissued for slots in Region eight."

**FURTHER AFFIANT SAITH NOT.**

_____
SUSAN WARD

Sworn to and subscribed before me on this the 29th day of May, 2007.

_____
Notary Public, State at Large

2

My Commission Expires: 9/8/08

Alabama Department of Human Resources

## Therapeutic Foster Care Slots to be Reallocated by Vendor/Region

| Program | I | II | III | IV | V | VI | VII | VIII | IX | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| AL Mentor | | | 8 | | | 5 | | | 13 | |
| Brewer Poarch | | | | | | 3 | 2 | | | 5 |
| FIT | | | | 12 | | | | | | 12 |
| Mountain View | 7 | | | | | | | | | 9 |
| SAFY | | | | | 8 | 60 | 15 | 9 | | 118 |
| Seraaj | 7 | | 1 | 4 | 8 | 2 | | 5 | 23 | 28 |
| TPI | | | | | | | 23 | | | 23 |
| UMCH | | | | | 5 | 11 | | 7 | 28 | |
| Wilmer Hall | | | | | | | | | 16 | 16 |
| Total Per Region | 14 | 19 | 17 | 4 | 33 | 79 | 19 | 44 | 23 | 252 |

## Therapeutic Foster Care Vendor Reallocation Selections by Vendor/Region

| Program | Score | I | II | III | IV | V | VI | VII | VIII | IX | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Brewer-Porch | 904.25 | | | | | | 16 | | | | 16 |
| SAFY | 893.5 | | | 6 | | 59 | | | | | |
| Seraaj | 854.75 | | 19 | 11 | 4 | 16 | 20 | 13 | 23 | | 106 |
| TPI | 892.75 | | | | | | | 6 | | | 20 |
| UMCH | 893.25 | 14 | | | | | 19 | | 19 | 23 | 226 |
| Total | | 14 | 19 | 17 | 4 | 32 | 79 | 19 | 23 | 23 | 226 |

26 Slots are unfilled (1 - Region 5 and 25 Region 8)

| Vendor | Proposed | Accepted | Declined |
|---|---|---|---|
| Brewer Porch - Region 5 | 16 | | |
| SAFY - Region 3 | 6 | | |
| Seraaj - Region 6 | 59 | | |
| Seraaj - Region 8 | 19 | | |
| TPI - Region 2 | 19 | | |
| TPI - Region 3 | 11 | | |
| TPI - Region 4 | 4 | | |
| TPI - Region 5 | 16 | | |
| TPI - Region 6 | 20 | | |
| TPI - Region 7 | 13 | | |
| TPI - Region 9 | 23 | | |
| UMCH - Region 1 | 14 | | |
| UMCH - Region 7 | 6 | | |
| TOTAL | 226 | 0 | |

10/7/05

Page 1



EXHIBIT 10