```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
           MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


CAMELLIA THERAPEUTIC          )
FOSTER AGENCY, LLC, etc.,     )
                              )
     Plaintiff,               )
                              )    CIVIL ACTION NO.
     v.                       )     2:06cv735-MHT
                              )
THE ALABAMA DEPARTMENT        )
OF HUMAN RESOURCES,           )
                              )
     Defendant.               )
```

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in the case on October 18, 2007, wherein the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL:**

**Camellia TFC–Plaintiff**                **Alabama Department of Human Resources**

**Kathryn Dickey-Plaintiff's Counsel**    **James E. Long – Defendant's Counsel**

**Janice Spears Turk–Plaintiff's Counsel**

**COUNSEL APPEARING AT PRETRIAL HEARING:**

**Camellia TFC – Plaintiff**              **Alabama Department of Human Resources**

**Kathryn Dickey – Plaintiff's Counsel**  **James E. Long – Defendant's Counsel**

2. **JURISDICTION AND VENUE:**

Federal question jurisdiction is proper under 42 U.S.C. 1331 and pendent

jurisdiction of state law claims.  This case arises under the Fourteenth Amendment of the United States Constitution, the Thirteenth Amendment of the Constitution, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d et seq.

Venue is proper in the United States District Court for the Middle District of Alabama Northern Division under 42 U.S.C. 1391.

3. **PLEADINGS:**   The following pleadings and amendments were allowed:

Complaint (Doc. 1); Motion to Dismiss (Doc. 2); Motion to Amend/Correct the Complaint (Doc. 8); Motion to Voluntary Dismiss Complaint (Doc. 9); Amended Complaint (Doc. 13); Summons to Alabama DHR (Doc. 14); Return Receipt Card Showing Service (Doc. 15); Answer by Alabama DHR (Doc. 16); Report of Rule 26(f) Planning Meeting (Doc. 18); Motion to Withdraw As Attorney by Dewayne Brown (Doc. 20);  Motion to Withdraw as Attorney by Joel Marsh (Doc. 23); Notice of Appeal by James E. Long (Doc. 26); Motion to Appoint Counsel (Doc. 28); Notice of Appearance by Janice Spears-Turk (Doc 30); Motion to Extend Time to Complete Discovery (Doc. 32); Notice of Correction regarding Motion for Extension of Time to Complete Discovery (Doc. 34); Motion to Dismiss or for Summary Judgment (Doc. 36); Evidentiary Submission regarding Notion to Dismiss or for Summary Judgment (Doc 36, Doc 37, Doc. 38); Brief and Mandamus In Opposition to Defendant's Motion and Summary Judgment (Doc. 40).; Conflict Disclosure Statement (Doc. 42).

4. **CONTENTIONS OF THE PARTIES:**

(a)  The plaintiff(s)
This case arises out of the State of Alabama Department of Human

Resource's denial of Camellia Therapeutic Foster Care's Request for Proposal (RFP) in 2005. Camellia Therapeutic Foster Care had been accepting foster care children since 2002. By 2005 Camellia Foster Care Agency had approximately sixty-six (66) foster care children and over one hundred (100) foster parents.

Dr. Joseph Appiah, CEO of the Camellia Agency, and the Camellia Therapeutic Foster Care Agency, LLC, were targeted for harassment beginning in 2004. Between May and June of 2004 about thirty (30) foster children were removed from foster homes under the supervision of Camellia Therapeutic Foster Care Agency. This action disrupted the lives of these children, the foster parents and the Camellia agency. The harassment continued until the Camellia Therapeutic Agency was virtually "shut down" and in February of 2005 DHR denied Camellia Therapeutic Foster Care Agency a contract, permanently severing their relationship. Dr. Joseph Appiah, CEO of Camellia TFC alleges the harassment and denial of a contract was due to his race, an African-American from South Africa. The department was familiar with Dr. Appiah, as he had been investigated for alleged non-compliance and cleared of any wrong doing by both the Alabama Attorney General's Office and the Alabama Department of Human Resources.

The February 2005 Request for Proposal, as written and scored by the Alabama Department of Human Resources, was discriminatory in nature.

**The 2005 RFP had a significant disparate impact on the Plaintiff. The Plaintiff's response to the 2005 RFP was as good or better than other responses who were awarded a contract. Plaintiff had contracted with the department for several years, was monitored by DHR, and was in compliance with agency standards at the time Dr. Appiah submitted his response to the RFP. Evidence clearly supports that the evaluators used subjective standards. Joyce Wilson, the evaluator with the lowest score for Camellia TFC, was vague in responding to questions at deposition of how she arrived at her score. She admitted that she did not know how she arrived at the score for Plaintiff. DHR did not provide an objective standard to be followed by those it enlisted to score the responses to the RFPs. Plaintiff alleges that the discrimination against him because of his race, was both intentional and the RFP created an unjustified discriminatory effect. Title VI is designed to prevent actions having an "unjustified discriminatory effect", as well as intentional discrimination.** *Guardians Ass'n v. Civil Serv. Comm'n,* **463 U.S. 582 (1983). Plaintiff suffered from the discriminatory effects of DHR's February 2005 RFP and the discriminatory manner of scoring. Plaintiff contends that he has established a prima facie case under Title VI.**

**The Eleventh Amendment does not act to bar claims made against the State of Alabama Department of Human Resources.** *United States v. City of Yonkers***, 880 F.Supp. 212 (S.D.N.Y. 1995); Title VI of the Civil Rights Act of**

4

1964.

Plaintiff's name was defamed when DHR accused him of non-compliance of the agency's regulations and seized all of his records.  DHR maliciously interfered with Camellia TFC's business by continuous harassment and denial of the February 2005 RFP.  All of Dr. Appiah's hard work and the good will that he had established with his foster parents, the foster care children, and the communities where he served, were lost.  He lost income.  He lost offices.  Dr. Appiah has been damaged financially and emotionally by the actions of DHR and seeks compensatory and punitive damages.  Plaintiff contends that he exhausted his administrative remedies and timely filed his complaint.

(b)  The defendant(s)
Claims against Alabama DHR are barred by the Eleventh Amendment and sovereign immunity.  Camellia TFC was not a qualified bidder, i.e. was not a bidder which met the requirements for an available contract, for the DHR 2005 Therapeutic Foster Care (TFC) Request for Proposal (RFP) and therefore cannot establish a prima facie case of discrimination.  *Bruner v American Honda Motor Company* 939 F. 2d 946, 958, 959 (11th Cir. 1991).  The qualifying score for the RFP was 800 out of 1000 points.   Camellia scored 753 points.  Camellia was therefore not a qualified bidder and ineligible for a contract.

DHR had legitimate business reasons for denying the contract, establishing the RPF process, and rejecting the RFP submitted by Camellia

**RFP. DHR wanted to expand both the number of provider services to DHR children and expand the geographical availability and dispersion of services. In the judgment of the evaluators, the RFP response filed by Camellia TFC was not as good as others receiving higher scores. Camellia scored lower than the 80% threshold, i.e. 800 points out of 1000 points, set to qualify for a contract. Camellia TFC therefore was not awarded a contract.**

**Plaintiffs can provide only speculative testimony and hearsay that any of the graders of the RFPs had a non biased, unlawful motive in scoring the Camellia RFP lower than the qualifying score of 800 and there is no evidence that the graders were aware of either the race of persons submitting the RFPs or even who the "owners" were of the companies submitting RFPs.**

**STIPULATIONS BY AND BETWEEN THE PARTIES:**

**1.     On February 28, 2005, the Alabama Department of Human Resources (DHR) issued a Request for Proposals for Therapeutic Foster Care (RFP) for Children.**

**2.     The Deadline for submission of responses to the Request for Proposal was Monday,, April 11, 2005.**

**3.     Camellia Therapeutic Foster Care Agency filed a timely response to the RFP with DHR.**

**4.     A score of 800 out of 1000 points, i.e. 80%, was set in order to be awarded contract slots to serve children in need of therapeutic foster care services.**

**5.     Camellia TFC received a score of 753 points out on 1000 points in the scoring of its RFP response by DHR.**

**6.     Camellia TFC was not awarded any slots or a contract for TFC by DHR.**

**7.     The parties stipulate to the admission into evidence of the following DHR Exhibits (Exhibits 1 – 6 and 10) filed as attachments in its Evidentiary Submission in Support of Summary Judgment: Doc. 36-2, Doc. 36-3, Doc. 36-4, Doc. 36-5, Doc. 37-1 (logs), Doc. 37-6, Doc. 37-7, Doc. 37-8, Doc. 37-9, Doc. 37-10, Doc. 37-11, Doc. 37-12, Doc. 37-13, Doc. 37-14, Doc. 37-15, Doc. 37-16, Doc. 37-18.**

**8.     The parties stipulate to the admission into evidence of the following Camellia Therapeutic Foster Care Agency, Inc. Exhibits:  Exhibits 4-20 filed as attachments in its Opposition to Defendant's Motion for Summary Judgment; all exhibits produced by DHR in response to Camellia TFC Request for Production of Documents; Interrogatory Responses produced by DHR; and all exhibits used in depositions.**

**It is ORDERED that:**

**(1) The jury selection and trial of this cause, which is to last two days, are set for November 26, 2007, at 10:00 a.m. at the Frank M. Johnson, Jr. United States Courthouse Complex,**

Courtroom 2FMJ, One Church Street, Montgomery, Alabama, 36104;

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(4) The parties in this case are not required to file trial briefs.  However, if they wish to do so, their trial briefs shall be filed no later than November 21, 2007;

(5) All deadlines not otherwise affected by this order will remain as set forth in the

uniform scheduling order (Doc. No. 19) entered by the court on November 15, 2006; and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by Order of the court.

DONE this 19th day of October, 2007.

        /s/ Myron H. Thompson
   **UNITED STATES DISTRICT JUDGE**